UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBB HALL,

                Plaintiff,

-vs-                                      Case No. 6:05-cv-557-Orl-28JGG

McKENZIE TANK LINES, INC.,

                Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | JOINT MOTION FOR APPROVAL OF SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE (Doc. No. 41) |
| FILED: | May 9, 2006 |
| THEREON it is RECOMMENDED that the motion be GRANTED. | |

    Plaintiff Robb Hall filed a complaint seeking hold Defendant McKenzie Tank Lines, Inc. ("McKenzie") liable for allegedly failing to pay him overtime wages in violation of the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). The parties have signed and filed a written Settlement Agreement and General Release of All Claims ("Settlement Agreement"), and ask the Court to approve the settlement and dismiss the case with prejudice.

I.   THE LAW

A.   Approval of Settlements

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit does reflect "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton,* 559 F.2d at 1330.

### B. Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992).[1] The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See*

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988).

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees. In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to

a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

## II. APPLICATION

Plaintiff alleged that he was not paid the minimum wage or overtime wage for his work as a fuel truck driver for Defendant, a Florida corporation that operates a trucking company. Docket No. 1 at 2-3, ¶¶ 4-5, 10. In its answer, Defendant denied these allegations and asserted that Plaintiff was an exempt employee under the provisions of the FLSA, 29 U.S.C. § 213. Docket No. 14. Defendant also asserted a number of affirmative defenses, including the defense that the statute of limitations in the Portal-to-Portal Act, 29 U.S.C. § 255(a), bars Plaintiff's claim. *Id.* This case involves a bona fide dispute as to liability and the amount owed.

The parties have agreed to settle this case. Defendant has agreed to pay Plaintiff and Plaintiff's counsel a total of $2,900. Under the terms of the Settlement Agreement, Defendant will pay the settlement amount by three checks in separate allocations: 1.) $750 payable to Plaintiff as back wages, 2.) $750 payable to Plaintiff for liquidated damages, and 3.) $1,400 payable to the law offices of the Pantas Law Firm, P.A. (the law firm of Plaintiff's counsel) as attorney's fees and costs.

In terms of fairness of the settlement, each party was independently represented by counsel. Counsel were obligated to vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, there is no suggestion of collusion. Further, based on Defendant's affirmative defenses (in particular, the defense that Plaintiff was exempt as an employee subject to the Motor Carrier Safety

Act[2]) Plaintiff's probability of success on the merits was uncertain. The Court finds that settlement of the action in favor of certainty was fair and reasonable.

Defendant does not contest the number of hours or amount of attorney's fees and costs. As there is no unreasonableness apparent from amount agreed upon by the parties, the Court did not conduct an in-depth analysis of the attorney's fees sought or determine the market rate for Plaintiff's counsel. In fact, Defendant joins in moving for the approval of the proposed settlement and "agrees that the fees and costs reflected in the Settlement Agreement are reasonable." Docket No. 41 at 2. The Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the attorneys' fees and costs.

Accordingly, the undersigned **RECOMMENDS** that:

1. the Joint Motion for Approval of Settlement and to Dismiss Case with Prejudice [Docket No. 41] be **GRANTED**;

2. the Settlement Agreement [Docket No. 41-2] be approved;

3. the case be dismissed with prejudice; and

4. the Clerk be directed to close the case.

---

[2] *See* 29 U.S.C. § 213(b)(1); 49 U.S.C. § 31502.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 11, 2006.

James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy